UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS.: 1:10CR021 |
| | ) | 1:14CV02521 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DWAYNE A. DAVIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon Dwayne A. Davis, Jr.'s ("Petitioner's") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Docket # 152). On February 4, 2011, pursuant to a jury verdict, Petitioner was found guilty on one count of traveling with intent to commit a crime of violence to further an unlawful activity in violation of 18 U.S.C. § 1952(a)(2)(B) (Count 1), one count of using a firearm to commit murder in violation of 18 U.S.C. § 924(j) (Count 2), and one count of destroying evidence in a criminal case in violation of 18 U.S.C. 1512(c)(1) (Count 3). On April 21, 2011, Petitioner was sentenced to life imprisonment on Counts 1 and 2, to 240 months imprisonment on Count 3 to run consecutively, 13 years supervised relief, $260,065.75 restitution, and a $300 special assessment. Petitioner appealed, but the Sixth Circuit Court of Appeals issued an Order affirming judgment on August 6, 2013. On November 17, 2014, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Docket # 152). In response, the Government has filed a Motion to Dismiss Defendant Davis' Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 as Untimely Filed. (Docket #158).

Petitioner raises seven arguments in his Petition, including ineffective assistance of counsel. Petitioner's claims, however, are time-barred and not properly before this court. However, even if Petitioner had timely filed, his Petition would have failed on the merits.

As set forth in the Government's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket # 158), Mr. Davis's Petition is time-barred. The final day on which to file a timely habeas petition in this case was November 4, 2014. Petitioner filed his Motion beyond the deadline, on November 17, 2014. Although Petitioner claims to have filed his Petition on October 28, 2014, the Motions were returned to him on November 5, 2014 in order to be signed and dated. For reasons set forth in the Government's brief, Petitioner is not entitled to equitable tolling as there is no evidence on the record to show that he has pursued his rights diligently or that some extraordinary circumstance prevented timely filing.

Section 2255 provides the exclusive means through which a federal prisoner may collaterally attack a conviction or sentence that is alleged to be in violation of federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, defendants must file Section 2255 claims within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); *see also, In re Hanserd*, 123 F.3d 922, 924, 032 (6th Cir. 1997) (concerning restrictions pursuant to the enactment of AEDPA). The statute provides, in pertinent part:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)–(4).

As mentioned above, the Sixth Circuit issued an Order affirming this Court's judgment on August 6, 2013. A mandate followed on August 28, 2013. Davis did not petition the Supreme Court for a writ of certiorari. A defendant has 90 days from the entry of the judgment to file the petition. The time runs from the date of the entry of judgment or order sought to be reviewed, and not from the issuance of the mandate. SUP. CT. R. 13. Accordingly, Petitioner had until November 4, 2013 to petition for certiorari, and until November 4, 2014 to file a Section 2255 petition. *See* 28 U.S.C. 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, Petitioner's November 17, 2014 Section 2255 Motion was statutorily time-barred.

Moreover, no governmental action prevented Petitioner from filing his motion. 28 U.S.C. 2255(f)(2). That Davis was placed in a specific part of the prison or had limited access to the law library fails to trigger Section 2255(f)(2) because such actions were not "in violation of the Constitution or laws of the United States." Petitioner's Motion fails to address his timeliness by placing the letters "N/A" next to question 18: timeliness of motion (R. 152 Motion to Vacate, PageID 2909), while his Brief in Opposition to the Government's Motion to Dismiss Petitioner's §2255 Motion (Docket # 159) asserts that he simply "overlooked" the missing dates and signatures due to him "sitting up for a week straight" writing his Motion. Similarly, Petitioner cannot assert any newly recognized right recognized by the Supreme Court and made retroactively applicable to cases on collateral review as required by Section 2255(f)(3). Likewise, Section 2255(f)(4) offers no applicable relief to Petitioner because he did not, and could not,

assert that the facts supporting his claims of ineffective assistance of counsel were previously unknown to him. *United States v. Gillis*, 729 F.3d 641 (6th Cir. 2013).

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearings are not required when the record conclusively shows that the petitioner is not entitled to relief).

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential" *Id.* at 689.

Petitioner has simply failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel. Mr. Davis's counsel appropriately represented his client, raising any and all issues which had any basis in fact or law. Petitioner has offered nothing more than speculation and conjecture in support of his claim of ineffective assistance of counsel, and the

law is clear that such a basis is "patently insufficient" to support a petition for *habeas corpus*. *See, e.g., Barry v. United States*, 528 F.3d 1094, 1101 (7<sup>th</sup>Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003); *United States v. Allison*, 59 F.3d 43, 47 (6th cir. 1995). Petitioner has offered no evidence that would meet the requirements sets forth in *Strickland* and his claim of ineffective assistance of counsel is hereby dismissed. As such, Petitioner's Motion to Vacate is dismissed.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. In part, 28 U.S.C. § 2253 provides as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing under paragraph (2).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner

must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Moreover, to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

Because the files and records in this case conclusively show that Petitioner's Motion to Vacate was untimely filed and, in any event, is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket #152) is dismissed. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915 that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. §2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: *February 3, 2015*