IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:10–CR–21 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| DWAYNE A. DAVIS, JR., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

This matter is before the Court on Defendant's *Motion for Compassionate Release* pursuant to 18 U.S.C. § 3583(c)(1)(a)(I). (ECF # 216). In 2021, the Court denied his first two pro se *Motions for Compassionate Release*, (ECF # 183, 190), and the two filed by his attorney. (ECF # 201, 202); (ECF # 208, *Order*). The Court granted the Government's *Motion to Hold the Instant Matter in Abeyance* pending the appeals of *United States v. Bricker*, Case No. 1:05–CR–113, 2024 U.S. Dist. LEXIS 37862 (N.D. Ohio Mar. 5, 2024) and *United States v. McHenry*, Case No. 1:93–CR–84, 2024 U.S. Dist. LEXIS 57094 (N.D. Ohio Mar. 29, 2024). (ECF # 219). The Sixth Circuit Court of Appeals released its opinion in *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025). Accordingly, Defendant's *Motion for Compassionate Release* is ready for review.

Under the terms of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling" reasons. Prior to taking such action, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all

administrative rights to appeal a failure of the BOP to bring a motion." *Id*. Administrative rights are exhausted when the Warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B). The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a Warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

Defendant contends that he submitted a request to the Warden on March 26, 2024, and again in May or June of 2024. (ECF # 216, *Motion for Compassionate Release*, p.3 [PageID 3471]). However, Defendant provides no evidence of doing so. The only documented request to the Warden reflected in the record was for his first motion for compassionate release. (ECF # 185-3, *Response to Request for Administrative Remedy*). The Court finds that Defendant has failed to show that he has exhausted his administrative remedies because "a request made to the Warden must be renewed before each subsequent motion for compassionate release." *United States v. Mendez*, Case No. 1:04–CR–548, 2025 U.S. Dist. LEXIS 17481, at *3–4 (N.D. Ohio Jan. 31, 2025).

The exhaustion requirement is a mandatory claims processing rule, and it "must be enforced" when "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 F.3d 17, 20 (2017)). Despite this, a failure to exhaust does not deprive the Court of subject matter jurisdiction. *Id*. at 833. The exhaustion requirement "binds the court[] only when properly asserted and not forfeited." *Id*. The Government did not object to Defendant's failure to exhaust, which results in forfeiture of that

claim. Accordingly, the Court will address the merits of Defendant's *Motion for Compassionate Release*.

In order to justify compassionate release, a court, "after considering the factors set forth in 18 U.S.C. § 3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with the U.S.S.G.'s policy statement in § 1B1.13. *See United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

Defendant argues that the changes in law created by *Borden v. United States*, 593 U.S. 420 (2021), result in a gross sentencing disparity between the sentence he received and the sentence he would receive if sentenced today, which, in turn, amounts to an "extraordinary and compelling" reason for his release. (ECF # 216, *Motion for Compassionate Release*, p.6 [PageID 3474]). His argument relies on U.S.S.G. § 1B1.13(b)(6), which provides that:

> "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

Before the Sentencing Commission adopted § 1B1.13(b)(6), the Sixth Circuit held that "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop." *United States v. McCall*, 56 F.4th 1048, 1066 (6th Cir. 2022) (en banc). After the Commission adopted § 1B1.13(b)(6), multiple courts applied the section even though it

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

conflicted with the holding in *McCall*. This led to the appeal in *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025).

The Sixth Circuit Court of Appeals in *Bricker* ultimately affirmed *McCall*'s holding that a nonretroactive change in the law is not an "extraordinary and compelling" reason for a sentence reduction. *Id*. at 441. The Court highlighted that our legal system assumes new statutes and caselaw do not apply retroactively. *Id*. Based on this well-founded assumption, the Court concluded that it is routine and ordinary for laws not to have a retroactive effect. *Id*. Accordingly, something routine (the nonretroactivity of laws) cannot be "extraordinary and compelling." *Id*. at 441–42. The Court in *McCall* held that the text of the statute was unambiguous in this regard. *McCall*, 56 F.4th at 1064.

When a court renders the language of a statute "unambiguous," any subsequent interpretation by the Commission is improper. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005) ("A court's prior judicial construction of a statute trumps an agency construction . . . if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion."); *Bricker*, 135 F.4th at 435 ("[W]hen a Circuit Court has already held that a statute is unambiguous and construed it, the Sentencing Commission (agency) cannot overrule that holding by issuing a 'policy statement' that re-interprets the statute to do the opposite."). Therefore, the Court's interpretation in *McCall* became binding on the Commission, who could not interpret "extraordinary and compelling" to include retroactive changes in the law. *Bricker*, 135 F.4th at 438.

Further, "Congress, and not the Commission, holds the 'legislative responsibility for establishing minimum and maximum penalties for every crime.'" *Id*. at 445–46 (quoting *Mistretta v. United States*, 488 U.S. 361, 396 (1989)). Giving effect to U.S.S.G. § 1B1.13(b)(6)

would enable courts to ignore statutory minimum sentences and circumvent the powers of Congress. *Id*. at 449. It would also "empower courts to give retroactive effect to nonretroactive sentencing amendments" when Congress barred doing so for individual sentencing revisions and generally under 1 U.S.C. § 109. *Id*. at 449, 443.

Given that *Bricker* invalidated U.S.S.G. § 1B1.13(b)(6), Defendant cannot demonstrate an "extraordinary and compelling" reason for his release based on the changes created by *Borden*.

In further support for his argument for compassionate release, Defendant points to his individualized circumstances. He argues that at the time he committed the crimes, he was an "out-of-control youth suffering from mental health problems." (ECF # 216, *Motion for Compassionate Release*, p.11 [PageID 3479]). In addition, he argues that, at the time of the offense, he had Type 1 diabetes, which significantly impacted his everyday rational thinking. He further discusses his troubled childhood of violence and the beatings he endured, which impacted his memory. He also broadly argues that emerging adults lack maturity and engage in risky behavior. Although the court sympathizes with his situation and agrees that immaturity can be a factor contributing to inappropriate conduct, the Sixth Circuit has long held that a defendant cannot repackage factors from his sentencing and call them "extraordinary and compelling." *United States v. Parks*, Case No. 24–5566, 2025 U.S. App. LEXIS 8525, at *6 (6th Cir. Apr. 9, 2025) (citing *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021)).[2] In Defendant's case, the Court already considered numerous factors at sentencing, including his diabetic status,

---

[2] Section 1B1.13(e) took effect in November 2023 and "simply clarifies that an extraordinary and compelling reason 'need not have been unforeseen at the time of sentencing.'" *United States v. Parks*, Case No. 24–5566, 2025 U.S. App. LEXIS 8525, at *6 (6th Cir. Apr. 9, 2025) (citing U.S.S.G. § 1B1.13(e)). It does not change the conclusion in *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021), that a Defendant cannot recycle evidence from sentencing to create an "extraordinary and compelling" reason. *Id*. at 5–6.

childhood, young age, and mental condition. (ECF # 129, *Transcript of Sentencing Proceedings*, p.9, 13, 14).

The Court admires the positive steps Defendant has taken while incarcerated; however, "Congress has instructed that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for compassionate release." *United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023) (citing 28 U.S.C. § 994(t)).

Even if a Defendant proffers an "extraordinary and compelling" reason for release, the Court must still weigh the § 3553(a) factors, including but not limited to, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all the other considerations that went into the original sentencing decision. Giving full consideration to the 18 U.S.C. § 3553(a) factors reveals that Defendant is not entitled to a sentence reduction.

Defendant is serving two life sentences plus twenty years for a 2008 interstate double murder where he destroyed evidence. Upset that he received "bad" cocaine, Defendant lured the seller and his friend from Cleveland to Detroit. During the trip, he shot both men execution style inside their car. After robbing both bodies, he went gambling at a casino. Unable to get a ride back to Cleveland, he returned to the scene, dumped the bodies in the street, and drove home. Once in Cleveland, he set the car on fire and bragged about the murders.

In 2011, a jury found Defendant guilty of interstate travel in aid of an unlawful enterprise resulting in death, in violation of 18 U.S.C. § 1952(a)(2)(B); use of a firearm to commit murder, in violation of 18 U.S.C. § 924(j); and tampering with evidence, in violation of 18 U.S.C. § 1512(c)(1). He received a life sentence and 240 months imprisonment to run concurrently. His

conviction and sentence were upheld on appeal. *United States v. Davis*, 531 F. App'x 601 (6th Cir. 2013).

The nature of Defendant's crime is brutal and calculated. The original sentence reflects the severity of the crime, and any reduction would unjustly minimize the harm inflicted on the victims. Further, the sentence is necessary to adequately protect the community. Defendant has a long criminal record that continued while in prison. During his time there, he has received nine incident reports. (ECF # 216, *Motion for Compassionate Release*, p.13 [PageID 3481]). They include an attempt to bring contraband into prison and possession of a plastic knife in 2015 and 2018. (*Id.*).

For the reasons set forth above, having considered the full record, Defendant's arguments, and every factor in 18 U.S.C. § 3553(a), the Court finds, in its discretion, that the Defendant's *Motion for Compassionate Release*, (ECF # 216), should be DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: August 8, 2025